No. 390          May 6, 2026          367

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Talitha Lacey COMBS,
aka Talitha Lacey Randall, an individual,
*Plaintiff-Appellant,*
*v.*
SALEM HEALTH HOSPITAL,
a hospital and charitable Organization;
Officer Cheryl Nester Wolfe, an individual,
in her capacity as officer of Salem Health Hospital;
Doctor Timothy S. Duenas, an individual, in his capacity
as head of emergency medicine at Salem Health Hospital;
Doctor Jonathan M. Wilson, an individual, in his capacity
as head of psychiatry at Salem Health Hospital Emergency
Room; Doctor Daniel J. Costa, an individual, in his
capacity as head of the behavioral health unit at Salem
Health Hospital; Former Marion County Sheriff Joe Kast,
an individual; Marion County Deputy Marc Rettig, an
individual; Marion County Deputy Michael Frieze, an
individual,
*Defendants-Respondents.*

Marion County Circuit Court
23CV35702; A185481

Thomas M. Hart, Judge.

Argued and submitted March 19, 2026.

Talitha L. Combs argued the cause and filed the briefs for appellant *pro se.*

Keith J. Bauer argued the cause and filed the brief for Salem Health Hospital, Cheryl Nester-Wolfe, Jonathan M. Wilson and Daniel J. Costa. Also on the brief were Michael J. Walker and Parks Bauer, LLP.

Hillary A. Taylor argued the cause and filed the brief for Timothy S. Duenas. Also on the brief was Keating Jones Hughes, P.C.

Andrew T. Mittendorf argued the cause for Joe Kast, Marc Rettig, and Michael Frieze. On the brief was Cody W. Walterman.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Plaintiff sued Salem Health Hospital, its administrator, and three of its doctors (Salem Hospital defendants), and the former Marion County Sheriff and two of their deputies (Marion County defendants), for defamation, medical malpractice, fraud, intimidation, battery, and false imprisonment. As plaintiff describes the incident leading up to the lawsuit, deputies "illegally detained" her while she was taking a walk and later wrote a false police report about her. She then alleged that various individuals at Salem Hospital put her on an involuntary mental health hold and "repeatedly drugged, battered, and tortured" her. The trial court granted the various defendants' motions to dismiss and/or for summary judgment. We describe each claim and the basis for the dismissal with respect to each defendant in greater detail below and ultimately conclude that the trial court correctly dismissed her claims. We therefore affirm.

*Marion County defendants:* The trial court granted summary judgment in favor of the Marion County defendants on the bases that plaintiff failed to provide a timely tort claim notice and, even if plaintiff had provided timely notice, that the county was immune under ORS 426.335. The facts relevant to those issues are relatively few. Deputies detained plaintiff and took her to Salem Health Hospital, where she was placed on a five-day involuntary hold. Shortly after her release from the hospital on October 11, 2022, she learned of the deputies' report that, according to plaintiff, "falsely, maliciously and defamatorily identified and diagnosed plaintiff *** as 'schizophrenic.'" Plaintiff sent a "notice of intent to assert a claim for damages" to the Marion County defendants on August 15, 2023.

The Oregon Tort Claim Act requires a plaintiff to provide notice within 180 days of the alleged loss or injury. *See* ORS 30.275(1) ("No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section."); *see id.* at (2) (providing for 180-day timeframe). Plaintiff indisputably did not provide notice within 180 days of her alleged loss or injury. The trial court concluded that plaintiff

would have known what had happened to her within a few days of her hospitalization, "not 300 days later." Although plaintiff contends that her harm is ongoing, as is the defendants' "tortious defamation," we disagree that the case law that she relies upon supports her arguments. The trial court correctly granted summary judgment to the Marion County defendants for lack of proper tort claim notice.

*Salem Hospital defendants:* The trial court granted summary judgment in favor of these defendants on the basis of defective service, immunity under ORS 426.335, failure to state an actionable defamation claim, and lack of evidence to support plaintiff's medical malpractice claim. Because it is dispositive, we write only to address the defective service. Again, the relevant facts are few. Plaintiff filed the lawsuit on September 1, 2023. She then filed proof of service showing that she had mailed a copy of the summons and complaint by first class mail and certified receipt mail to the Salem Hospital defendants at their "place of business[.]" Plaintiff did not provide any evidence of a signed receipt for the certified mail. Plaintiff also emailed Salem Health Hospital's attorney about the complaint.

Plaintiff then attempted to serve a first amended complaint by using the sheriff's office. The proof of service for that attempt shows that a person from the sheriff's office left copies of the complaint with someone working in an office at the hospital. The record contains no evidence that plaintiff then mailed the complaint and summons afterwards.

Service upon individuals can be accomplished, as relevant here,

> "by a mailing made in accordance with paragraph D(2)(d) of this rule provided the defendant or other person authorized to receive service signs a receipt for the certified, registered, or express mailing, in which case service shall be complete on the date on which the defendant signs a receipt for the mailing."

ORCP 7 D(3)(a)(i). Service upon corporations can be accomplished, again as relevant here,

> "by mailing in the manner specified in paragraph D(2)(d) of this rule true copies of the summons and the complaint

> to: the office of the registered agent or to the last registered office of the corporation, if any, as shown by the records on file in the office of the Secretary of State[.]"

ORCP 7 D(3)(b)(ii)(C). At the time of plaintiff's lawsuit in 2023, that manner of service on corporations was permissible only where "a registered agent, officer, or director [of the corporation] cannot be found in the county where the action is filed." ORCP 7 D(3)(b)(ii) (2023).

With respect to the original complaint, plaintiff's service on the Salem Hospital individual defendants was defective because there is no evidence in the record that any of those defendants signed a receipt for the mailing of the complaint and summons. And plaintiff's service on Salem Health Hospital itself was defective because its registered agent is in Salem, which is in Marion County where the action was filed. Service by mail was therefore improper under the version of ORCP 7 D in effect at the time of service, and the trial court correctly granted summary judgment.

With respect to plaintiff's amended complaint, plaintiff's service was defective because there is no evidence that she mailed the complaint and summons after leaving copies at the hospital. *See* ORCP 7 D(2)(c) ("Where office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed by first class mail true copies of the summons and the complaint to the defendant at defendant's dwelling house or usual place of abode or defendant's place of business or any other place under the circumstances that is most reasonably calculated to apprise the defendant" of the action).[1]

We have reviewed plaintiff's remaining arguments that she should be excused from the requirements of ORCP 7 D and conclude that they are without merit. The trial court correctly granted summary judgment in favor of the Salem Hospital defendants.

Affirmed.

---

[1] Although the parties agreed to e-mail service under ORCP 9, that rule does not allow for email service of the original complaint. Thus, any attempts by plaintiff to serve her original complaint by e-mail does not support her claim that service was proper.